UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| People of the State of New York,<br><br>          Plaintiff,<br><br>    -v-<br><br>Benjamin Rodriguez,<br><br>          Defendant. | 2:25-cv-531<br>(NJC) (ARL) |

## SUMMARY ORDER OF REMAND

NUSRAT J. CHOUDHURY, United States District Judge:

On January 30, 2025, pro se Defendant Benjamin Rodriguez ("Rodriguez") filed a Notice of Removal together with the $405 filing fee seeking to remove to this Court two criminal prosecutions proceeding against him in the Suffolk County District Court under docket numbers CR-001655-24SU and CR-001656-24SU. (Not. Removal ¶ 1, ECF No. 1; Filing Fee, Receipt No. 200004764, Elec. Dkt. Entry Jan. 30, 2025.) For the reasons that follow, the Court sua sponte remands the criminal cases to the Suffolk County District Court.

## DISCUSSION

1. **The Removal Statute**

The removal of a state criminal case to federal court is governed by 28 U.S.C. §§ 1442 ("Section 1442"), 1442a ("Section 1442a") and 1443 ("Section 1443") and is appropriate in narrow circumstances. Section 1442 applies only where federal officers or agencies are prosecuted. Section 1442a applies only where members of the armed forces are prosecuted. Thus, neither of these statutes has any application here. Under Section 1443, a state criminal prosecution can be removed to federal court if it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United

      States, or of all persons within the jurisdiction thereof;

      (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Pursuant to 28 U.S.C. § 1455(b)(4), "[t]he United States district court in which [a notice of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand." 28 U.S.C. §§ 1455(b)(4).

"[S]tatutory procedures for removal are to be strictly construed . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (internal quotation marks and citations omitted); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (internal quotation marks and citation omitted).

Here, given the narrow circumstances under which removal is appropriate under Section 1443, remand is clearly warranted. Rodriguez does not allege that the state criminal case violates his civil rights in terms of racial equality, nor does he claim that a federal civil rights law directed toward racial equality protects his right to engage in the conduct with which he was charged.[1] Moreover, Rodriguez wholly fails to allege that he would be precluded from enforcing

---

[1] Rodriguez is charged with the following: Harassment in the Second Degree in violation of N.Y. Penal Law § 240.26(1); Criminal Mischief in the Fourth Degree in violation of N.Y. Penal Law § 145.00(4)(a); Resisting Arrest in violation of N.Y. Penal Law § 205.30; and Obstruction

2

his rights in state court.[2]

Accordingly, this action is REMANDED to the Suffolk County District Court pursuant to 42 U.S.C. § 1455(4) ("The United States District Court . . . shall examine the notice [of removal] promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."). The Clerk of the Court shall: (1) MAIL a certified copy of this Summary Order of Remand to the clerk of the Suffolk County District Court pursuant to 42 U.S.C. § 1455(4) and (2) MAIL a copy of this Summary Order of Remand to Rodriguez.

## **CONCLUSION**

For the reasons set forth above, this action is remanded to the Suffolk County District Court pursuant to 42 U.S.C. § 1455(b)(4). The Clerk of the Court shall:

(1) mail a certified copy of this Summary Order of Remand to the Clerk of the Suffolk County District Court at the Cohalan Court Complex, 400 Carleton Avenue, Central Islip, NY 11722 pursuant to 42 U.S.C. § 1455(4);

(2) mail a copy of this Summary Order of Remand to Rodriguez; and

(3) close this case.

---

of Governmental Administration in violation of N.Y. Penal Law § 195.05. (*See* Not. Removal ¶ 11.)

[2] To the extent that Rodriguez premises removal on the presence of defenses or counterclaims based on federal law, that is not a basis for removal to federal court. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[F]ederal jurisdiction generally exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.") (internal quotation marks and citation omitted) (emphasis in original). If Rodriguez has a federal civil claim arising from his arrest and prosecution, he must file that claim as a civil action independent of the criminal prosecution. And, indeed, he has. *See Rodriguez v. Suffolk County, et al.*, 2:25-cv-367 (E.D.N.Y.).

3

Although Rodriguez paid the Court's filing fee, should he seek leave to appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
February 23, 2025

/s/ Nusrat J. Choudhury
NUSRAT J. CHOUDHURY
United States District Judge

4